IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MAGNOLIA W. WRIGHT,**

    **Plaintiff,**

vs.                                                    NO. 06-2290

**JO ANNE BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

On March 19, 2007, United States Magistrate Judge S. Thomas Anderson filed his Report and Recommendation (the "Report"), which recommended denying plaintiff Magnolia W. Wright's ("Wright") appeal. On April 3, 2007, Wright filed objections to the Report. Having reviewed the Report, the court concludes that the findings and conclusions of the Magistrate Judge are correct, and the report is ADOPTED as set forth in this order.

**I. Background**[1]

Wright's initial application for Social Security benefits was denied. That application was filed on March 14, 1997, and was denied on March 14, 1997. Wright filed a new application for benefits on April 2, 2002, alleging an onset date of October 1,

---

[1] Wright objects to all findings of fact in the Report. Wright never articulates why she objects to findings including her birthday and employment history.

2000. This later application was denied initially and on reconsideration. After an administrative hearing on March 18, 2004, an Administrative Law Judge ("ALJ") denied Wright's claim on August 26, 2004. Wright appealed the ALJ's decision to the Appeals Council, which declined to review the decision on March 14, 2006. The ALJ's decision is the final decision of the Commissioner of Social Security. Wright now appeals under 42 U.S.C. § 405(g).

Wright has a high school diploma and has more than twelve years of work experience. Wright worked as a cook at the Memphis City Schools from 1991 until 2001 and at the Rest Haven Nursing Center from 1989 to 1991. Wright suffers from diabetes, high blood pressure, shoulder pain, neck pain, swelling, asthma, obesity, and fatigue. Wright saw Janis Caruso, M.D., of Cypress Family Care and Obstetrics, on October 20, 2003. Dr. Caruso examined Wright twice and completed a questionnaire at the request of Wright's attorney. Dr. Caruso concluded that Wright could not perform even light work as defined by Wright's attorney's questionnaire.[2]

On December 15, 2000, a Disability Determination Services ("DDS") physician completed a Physical Residual Functional Capacity Assessment and concluded that Wright could perform light

---

[2] The questionnaire's definition of light work differs slightly from the definitions used by the physicians for Disability Determination Services.

work.  The DDS physician, who's name is illegible, did not examine Wright personally, but instead relied on medical records.

On June 21, 2001, Wright met personally with Douglas Karmel, M.D., for a consultative examination.  Dr. Karmel found that Wright could perform light work.

On July 19, 2001, Barry Siegel, M.D., performed a pulmonary function study and took chest and shoulder x-rays as part of the DDS consultive exam.

On July 23, 2001, Denise Bell, M.D., performed a consultative exam on the basis of medical records.  Bell did not reach a conclusion because she needed more information.

On August 2, 2001, Dr. Bell concluded that Wright could perform light work.  Dr. Bell reached her conclusion after evaluating Wright's medical records.

On August 25, 2002, Dr. Bell performed another Physical Residual Functional Capacity Assessment on the basis of medical records and found that Wright could perform medium work with some visual limitations.

**II. Standard of Review**

The Report correctly states that judicial review of the Commissioner's decision extends only to whether there is substantial evidence supporting the decision and whether the Commissioner used the proper legal criteria to arrive at the decision.  42 U.S.C. § 405(g); Barker v. Shalala, 40 F.3d 789,

794 (6th Cir. 1994). "If the answer to that question is 'Yes' [the court] may not even inquire whether the record could support a decision the other way." Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). Substantial evidence is more than a scintilla and less than a preponderance. A reasonable mind might accept substantial evidence as adequate to support a conclusion. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

**III. Analysis**

**A. Light work**

Wright objects that the Report fails to set out in precise language which doctors examined her in person and which doctors relied upon medical records. Wright asserts that the Report's language indicates that the Magistrate Judge gave undue weight to the reports from physicians who based their opinions on medical records. The Report shows that substantial evidence existed for the ALJ's determination and that the ALJ considered how to properly weigh the opinion of her treating physician, which differed substantially from the opinions of the other doctors.

The Sixth Circuit directs ALJs to afford controlling weight to the opinion of the treating physician when it is well-supported by medically acceptable clinical techniques and consistent with other substantial evidence. Wilson v.

Commissioner of Social Security, 378 F.3d 541, 544(6th Cir. 2004). When the treating physician's opinion is not controlling, the ALJ must consider certain factors to determine how much weight to give the opinion. Those factors include the length of the treatment relationship, the frequency of treatment, nature and extent of the relationship, the credibility of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating physician. Id. Excepting Dr. Caruso, every physician concluded that Wright could perform light work. The ALJ found that Wright had only visited Dr. Caruso twice and that Dr. Caruso's findings were inconsistent with Dr. Caruso's own treatment notations. The ALJ did not find that Dr. Caruso's opinion was of no value, but merely that it was not entitled to great weight. The ALJ's decision is supported by substantial evidence.

**B. The ALJ's finding that Wright can perform medium work is supported by substantial evidence.**

The ALJ found that Wright retained the capacity to engage in medium work. Although most of the physicians found that Wright could engage in light work, the most recent evaluation found that Wright could engage in medium work. The ALJ considered Wright's pulmonary function, her asthma, diabetes, and Wright's own testimony. The ALJ considered Wright's eyesight and concluded that corrective lenses would correct most of the deficiency. The

ALJ considered Wright's statements that she performs some household chores, shops, dines out occasionally, and sometimes attends church.  Wright argues that substantial evidence supports a finding that Wright could not perform medium work at the time the ALJ rendered the decision.  Assuming Wright is correct, that does not mean that substantial evidence does not support a finding that Wright could perform medium work. This court does not assess whether a preponderance of the evidence supported the ALJ's decision, but merely whether substantial evidence existed for the ALJ's decision.  Wright has not shown that the ALJ's decision was not supported by substantial evidence.

**C. Remand**

Wright contends that her case should be remanded to the Commissioner to consider new evidence arising after the ALJ denied her claim under 42 U.S.C. 405(g).  The Commissioner contends that any evidence developed after the ALJ's decision may be relevant for a new disability petition, but not for challenging the decision of the ALJ.  Remand is inappropriate to address changes in Wright's status after the ALJ's decision. Wright may apply again for disability benefits and incorporate any new evidence into her application.

**IV. Conclusion**

The March 19, 2007, Report and Recommendation of the Magistrate Judge is therefore ADOPTED by this court.  The

decision of the ALJ is AFFIRMED.

It is so ORDERED this 2d day of October, 2007.

```
                                /s Samuel H. Mays, Jr.
                                SAMUEL H. MAYS, JR.
                                UNITED STATES DISTRICT JUDGE
```